UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAMON COBBLE                                                                                           PLAINTIFF

v.                                                                                      CIVIL ACTION NO. 3:16-CV-00525-CRS

SPALDING UNIVERSITY                                                                                    DEFENDANT

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Defendant Spalding University to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6), ECF No. 5. Plaintiff Damon Cobble responded, ECF No. 8. Spalding University replied, ECF No. 9. For the reasons stated below, the Court will grant Spalding University's motion to dismiss the claims.

II.  Allegations in the Complaint

Cobble alleges that he was diagnosed with a learning disability, depression, and attention deficit hyperactivity disorder in 2011. Compl. ¶ 12, ECF No. 1. In 2013, he enrolled in Spalding University's Ed.D Leadership program. *Id*. ¶ 13. He apparently told his professors about his disabilities and requested reasonable accommodations for his classes. *Id*. ¶ 14. Cobble says that he maintained a good GPA and was in good standing while he was enrolled in the program. *Id*. ¶ 15.

In October 2014, Cobble advised one of his professors, Dr. Beverly Keepers, that his disabilities prevented him from attending her class for the remainder of the semester. *Id*. ¶ 16. Cobble asserts that he requested a contract to obtain an incomplete, rather than a failing, grade in her class. *Id*. Despite his request, the contract to obtain an incomplete grade was never finalized. *Id*.

1

Because he did not obtain a contract that would allow him to receive an incomplete grade, Cobble was required to attempt to timely finish the coursework for Dr. Keepers' class. *Id*. ¶ 17. In November 2014, Cobble asked Dr. Keepers for an extension so that he could complete the assignments in her course, which she granted. *Id*. He also asked Dr. Mary Stoddard, another professor of his, for an extension so that he could complete the assignments in her course, which she granted. *Id*. Notwithstanding the extensions, Cobble was unable to timely finish his assignments. *Id*.

In January 2015, Cobble failed Dr. Keepers and Dr. Stoddard's classes. *Id*. ¶ 18. Because he had received two failing grades, he was dismissed from the Ed.D Leadership program. *Id*. He asserts that he was advised that he could reapply to the program in one year. *Id*. Ten months after his dismissal from the program, in October 2015, Cobble appealed his failing grades via an internal appeals process. *Id*. ¶ 19. He cited his professors' failure to adequately accommodate his disabilities in support for his appeal. *Id*. Spalding University investigated the situation but determined that Cobble had not been discriminated against because of his disabilities and affirmed his termination from the Ed.D Leadership program. *Id*.

Cobble then apparently reapplied to the Ed.D Leadership program. *Id*. ¶ 20. His application to be readmitted was denied in June 2016. *Id*. ¶ 20. Cobble says that Spalding University readmitted other students to the program after they had committed more serious infractions, such as cheating on exams. *Id*. ¶ 21.

Cobble filed suit against Spalding University two months after his application to be readmitted to the Ed.D Leadership program was denied, in August 2016. He asserts three claims against the school based upon Spalding University's alleged failure to provide adequate accommodations for his disabilities in the fall of 2014, which led to his dismissal from the Ed.D

Leadership program in January 2015, and refusal to readmit him into the program in June 2016. First, Cobble claims that Spalding University violated Title VII of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182, *et seq.* (Count I). *Id*. ¶¶ 22–26. Second, he contends that Spalding University violated 34 C.F.R. § 104.43, a regulation designed to implement the Rehabilitation Act of 1973 ("the Rehabilitation Act"), 29 U.S.C. § 701, *et. seq.* (Count II). *Id*. ¶¶ 27–31. Third, Cobble maintains that Spalding University violated the Rehabilitation Act (Count III). *Id*. ¶¶ 32–35. He seeks to be readmitted into Spalding University's Ed.D Leadership program as well as compensatory, consequential, and emotional distress damages. *Id*. at 5.

III.  Discussion

Spalding University has now moved to dismiss Cobble's ADA and Rehabilitation Act claims under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 55 U.S. 544, 570 (2007). A complaint states a plausible claim for relief when the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court is not required to accept legal conclusions or "threadbare recitals of the elements of a cause of action." *Id*. When resolving a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007)).

Spalding University asserts two arguments in support of its motion to dismiss Cobble's claims under Rule 12(b)(6). First, Spalding University contends that Cobble's claims stemming

from its alleged failure to adequately accommodate his disabilities and from his subsequent dismissal from the Ed.D Leadership program are time-barred and thus should be dismissed. Mem. Supp. Mot. Dismiss 4, ECF No. 5-1. Second, Spalding University argues that Cobble's claims that rest upon on the denial of his readmission to the Ed.D Leadership program in June 2016 should be dismissed because Cobble was not otherwise qualified when he reapplied to the program, and thus he cannot establish discrimination under the ADA or Rehabilitation Act as a matter of law. *Id*. at 6–7.

      A.    <u>Whether Cobble's Claims Resting on Spalding University's Alleged Failure to Provide Adequate Accommodations and on His Dismissal from the Ed.D Program Are Time-Barred</u>

Spalding University contends that Cobble's claims that rest upon its alleged failure to adequately accommodate his disabilities and upon his subsequent dismissal from the Ed.D Leadership program are time-barred and thus should be dismissed. *Id*. at 4. The school explains that causes of action asserted under the ADA and the Rehabilitation Act in Kentucky have a one-year statute of limitations. *Id*. Spalding University allegedly violated these statutes by failing to accommodate his disabilities in the fall of 2014 and by dismissing him from the program in January 2015. *Id*. at 4–5. Cobble filed suit in August 2016, more than a year after these violations had occurred. *Id*. at 5.

Cobble acknowledges that claims brought under the ADA and the Rehabilitation Act in Kentucky have a one-year statute of limitations. Resp. Mot. Dismiss 4, ECF No. 8. But he argues that his claims are not time barred and thus should not be dismissed because (1) the statute of limitations began running in June 2016 under Kentucky's discovery rule, (2) Spalding University engaged in a continuing violation that equitably tolled the statute of limitations under federal

4

law, and (3) Kentucky's equitable estoppel doctrine prevents the statute of limitations from running. *Id*.

Turning to the first of these arguments, Kentucky's discovery rule to which Cobble refers tolls the statute of limitations "until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Louisville Tr. Co. v. Johns-Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979) (citing *Raymond v. Eli Lilly & Co*., 371 A.2d 170, 171 (N.H. 1977)). Kentucky's discovery rule, however, does not apply in this case. Cobble's claims are brought under the ADA and the Rehabilitation Act, which are federal laws. *See* Compl. ¶¶ 22–35, ECF No. 1. When claims are made under federal law, federal law governs when the statute of limitations begins to run, even when the statute of limitations is borrowed from state law. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990).

Under federal law, "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984); *see also Rotella v. Wood*, 528 U.S. 549, 555 (2000) ("But in applying a discovery accrual rule, we have been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock."). The plaintiff has reason to know of his injury "when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

Taking all reasonable inferences in favor of Cobble, he had reason to know of his injuries—that Spalding University failed to accommodate his disabilities and that he was consequently dismissed from the Ed.D Leadership—by January 2015. As described in the complaint, he was denied accommodations for his two courses in the fall of 2014, and he was

5

dismissed from the program in January 2015. Compl. ¶¶ 17–18, ECF No. 1. Therefore, the one-year statute of limitations for his claims based on these two events began to run in January 2015 and expired in January 2016, several months before Cobble filed suit against Spalding University.

With regards to Cobble's second argument why his claims based on Spalding University's failure to adequately accommodate and his dismissal from the Ed.D Leadership program are not time-barred—that Spalding University engaged in a continuing violation that equitably tolled the statute of limitations—courts in the Sixth Circuit will equitably toll the statute of limitations for civil rights statutes based upon the following five-factor test:

> (1) lack of actual notice of [the] filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Simmons v. Middle Tenn. State Univ.*, No. 95-6111, 1997 U.S. App. LEXIS 17751, at *8 (6th Cir. July 11, 1997) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

The continuing violations doctrine is recognized in two types of discrimination cases. *EEOC v. Penton Indus. Publ'g*, 851 F.2d 835, 838 (6th Cir. 1988). The first type of case involves "some evidence of *present* discriminatory activity giving rise to a claim of a continuing violation." *Id*. One example of this first type of continuing violation, in the context of a claim brought under Title VII of the Civil Rights Act of 1964, is when an employer continues different pay rates between similarly situated groups of employees. *Id*. The second involves a "long-standing and demonstrable policy of discrimination." *Id*. An example of this second type of continuing violation, also within the context of Title VII, is when an employer repeatedly pays its male employees more than its female employees. *Id*. Regardless of the type of case giving rise

to a continuing violation that would toll the statute of limitations, "[m]ere continuity" of injury is not sufficient to invoke the continuing violations doctrine. *Id*.

Here, Cobble does not allege facts that plausibly would show that Spalding University engaged in a continuing violation or that would meet the requirements for tolling the one-year statute of limitations in the Sixth Circuit. Regarding the continuing violation doctrine, Cobble does not provide facts that would show that Spalding University is involved in a present discriminatory activity. Nor does he provide facts that would show that Spalding University has a longstanding and demonstrable policy of discrimination.

Concerning the doctrine of equitable tolling, Cobble asserts in the complaint that he told his professors about his disabilities and requested reasonable accommodations for his classes when he began the program. Compl. ¶ 14, ECF No. 1. He also claims that he appealed his failing grades and cited his professors' failure to adequately accommodate his disabilities in support. *Id*. ¶ 19. These facts reasonably suggest that Cobble had actual or constructive notice of filing requirements for the ADA and/or the Rehabilitation Act.

Cobble also does not show that he was diligent in pursuing his rights under the ADA or the Rehabilitation Act. Although he provides facts alleging that he appealed his failing grades using Spalding University's internal grievance procedure, *id*., the Supreme Court has noted that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980). Finally, Cobble does not assert facts that would demonstrate that tolling the statute of limitations would not prejudice Spalding University. Under these circumstances, he cannot meet the requirements for tolling the statute of limitations in the Sixth Circuit.

Turning to Cobble's final argument for why his claims based on Spalding University's failure to reasonably accommodate his disabilities and his dismissal from the Ed.D Leadership program are not subject to the one-year statute of limitations—that his claims are subject to Kentucky's equitable estoppel doctrine—, equitable estoppel in Kentucky requires a "material misrepresentation by one party and reliance by the other party." *Fluke Corp. v. Lemaster,* 306 S.W.3d 55, 62 (Ky. 2010). The Kentucky equitable estoppel doctrine is not applicable to this case because, as previously noted, the claims that Cobble alleges are brought under federal law, and federal law governs when the statute of limitations begins to run. *See Collard*, 896 F.2d at 183. Therefore, Kentucky's equitable estoppel doctrine cannot prevent Cobble's claims from being time-barred.

Because Cobble is unable to show why the one-year statute of limitations is inapplicable to his claims brought under the ADA and the Rehabilitation Act based upon Spalding University's failure to reasonably accommodate his disabilities and his subsequent dismissal from the Ed.D Leadership programs, the claims will be dismissed.

    B.    <u>Whether Cobble Was Otherwise Qualified for Acceptance into the Ed.D. Program When He Reapplied</u>

Spalding University also argues that Cobble's claims resting on the denial of his readmission to the Ed.D Leadership program in June 2016 should be dismissed because Cobble, having failed two classes, was not otherwise qualified when he reapplied to the Ed.D Leadership program and thus cannot establish discrimination under the ADA or Rehabilitation Act as a matter of law. Mem. Supp. Mot. Dismiss 6–7, ECF No. 5-1. Cobble maintains in opposition that he has sufficiently plead his claims under the ADA and Rehabilitation Act, including that he was otherwise qualified for admission into the Ed.D Leadership program. Resp. Mot. Dismiss 4, ECF No. 8.

The analysis of a claim under the ADA "roughly parallels" the analysis of claims brought under the Rehabilitation Act. *Pangburn v. N. Ky. Univ.*, No. 99-5474, 2000 U.S. App. LEXIS 6413, at *4 (6th Cir. Mar. 23, 2000). To bring a claim for disability discrimination under these statutes, the plaintiff must prove that he is "(1) disabled as defined by each statute, (2) 'otherwise qualified' for participation in the program, and (3) being denied the benefits of or being dismissed from the program based on h[is] disability." *Id*. (citing *Kaltenberger v. Ohio Coll. of Podiatric Med.*, 162 F.3d 432, 435 (6th Cir. 1998)). A person is "otherwise qualified" if he or she can meet the program's necessary requirements with reasonable accommodation. *Id*. Courts generally defer to the judgment of a school when considering students' qualifications. *See Halpern v. Wake Forest Univ. Health Scis.,* 669 F.3d 454 (4th Cir. 2012) (compiling list of cases).

In this case, Spalding University had determined that a student who received two failing grades was not otherwise qualified for admittance into its Ed.D Leadership program. *See* Compl. ¶ 18, ECF No. 1. Because he received two failing grades, *id.*, Cobble cannot show he was otherwise qualified when he reapplied to the program. Therefore, Cobble's claims based upon the denial of his readmission to Spalding University's Ed.D Leadership program will be dismissed.

IV.     Conclusion

       The Court will grant Spalding University's motion to dismiss the claims alleged against it under Rule 12(b)(6). The Court will dismiss Cobble's claims with prejudice. An order will be entered in accordance with this memorandum opinion.

January 26, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

10